No. 6205.

## Mrs. Delphine A. Taylor vs. R. S. Bowles et al.

It is shown that Bowles, who is holder of the note of plaintiff that fell due on the first of January, 1873, became the owner of it in the spring of the year 1872. No successful effort has been made to overcome the presumption that he is a *bona fide* holder before maturity, and without knowledge of equities that may exist between the prior parties. This, then, disposes of the case adversely to the plaintiff in injunction.

APPEAL from the Thirteenth Judicial District Court, parish of Carroll. *Hough*, J. *A. W. Roberts, J. W. Montgomery, Labatt, Aroni & Clinton*, for plaintiff and appellee. *J. E. Leonard* and *Singleton & Browne*, for defendant and appellant.

TALIAFERRO, J. In this case a married woman, not separate in property, enjoins the execution of an order of seizure and sale taken out against a tract of land and plantation, her separate property, which she had mort-

gaged to the commercial firm of Johnson & Goodrich, to secure them for certain plantation supplies and for money which they had agreed to furnish her. She alleges fraud and bad faith in the merchants, whom she charges with having, under the contract made with them, obtained from her three several promissory notes, amounting to five thousand dollars, secured by mortgage, and in violation of their agreement with her had the notes discounted and applied the proceeds to the payment of a pre-existing debt of her husband's, contracted with them the year previous. The note upon which Bowles, the defendant in injunction, proceeded to obtain the order of seizure and sale, she alleges, is one of the three notes executed as aforesaid by her in favor of Johnson & Goodrich; and she alleges that the same is null and without consideration, and was passed off by Johnson & Goodrich to Bowles, after its maturity, with the view to prevent her from pleading equities between herself and Johnson & Goodrich, had they sued her directly on the note. She alleges various other illegalities in the proceeding taken against her, and prays that the order of seizure and sale be rescinded; that the note held by Bowles be declared without consideration, and the pretended mortgage be deemed an utter nullity and ordered to be canceled and erased from the public records.

The answer changed the *via executiva* to the *via ordinaria*, sets up a reconventional demand for attorney's fees, and prays a dissolution of the injunction with damages.

Judgment was rendered in favor of the plaintiff in injunction, decreeing the nullity of the note and mortgage, and that the mortgage be canceled, the defendant to pay costs.

It is shown that Bowles, who, is holder of the note of Mrs. Taylor that fell due on the first of January, 1873, became the owner of it in the spring of the year 1872. No successful effort that we see, has been made to overcome the presumption that he is a *bona fide* holder before maturity, and without knowledge of equities that may exist between the prior parties. This, then, disposes of the case adversely to the plaintiff in injunction.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be annulled and reversed. It is further ordered that the defendant recover from the plaintiff the sum of twelve hundred and fifty dollars, with interest thereon from the first of January, 1873, at eight per cent per annum; that the defendant's rights of mortgage upon the property mortgaged to secure the payment of defendant's debt evidenced by the note for $1250 sued on be recognized and enforced against the property mortgaged; that the same be sold according to law to pay and satisfy the said claim; that the injunction be dissolved with one hundred dollars damages for attorney's fees and costs of suit.

Rehearing refused.